# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:16-cv-00166-RJC

| | |
|---|---|
| In re: ) | |
| ) | |
| **EARNESTINE KASEY,** ) | |
| ) | |
| Debtor. ) | |
| _____ ) | **ORDER** |
| ) | |
| **EARNESTINE KASEY,** ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| **WELLS FARGO BANK, N.A. et al.,** ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon appeal by Appellant Earnestine Kasey ("Appellant") from the Bankruptcy Court's decision in favor of Wells Fargo Bank, N.A. to lift the automatic stay in Appellant's Chapter 7 bankruptcy proceeding.

On April 8, 2016, Appellant filed her Notice of Appeal from Bankruptcy Case number 16-30008. (Doc. No. 1). When she filed her appeal, Appellant did not pay the required filing fee, but she made a request for a waiver of the filing fee. (Doc. No. 2-1). However, her request was denied on April 11, 2016, and Appellant was given seven (7) days to pay the filing fee of $298.00. (Doc. Nos. 2-1, 2-2). To date, Appellant has not paid the required filing fee. (Doc. No. 2). Furthermore, Appellant has failed to file the designation of the items to be included in the record on appeal and a statement of the issues to be presented to this Court as required by Federal Rule of Bankruptcy Procedure 8009. (Id.).

On May 9, 2016, the Court ordered Appellant to show cause why her appeal should not be

dismissed for failure to pay the required filing fee and failure to file a designation of record. (Doc. No. 3). Appellant was given seven (7) days to pay her filing fee and file her designation of record or to provide this Court with good cause explaining her failure to do so. (Id.). Appellant was also warned that failure to remedy these deficiencies or failure to provide good cause explaining these deficiencies would result in her appeal being dismissed without further notice. (Id.). Appellant has failed to pay the required filing fee, to file her designation of record, or to comply with the Court's Order. The Court now considers whether Appellant's failure to comply with the Federal Rules of Bankruptcy Procedure and this Court's Order warrants dismissal of the appeal.

Federal Rule of Bankruptcy Procedure 8009(a)(1) requires an appellant to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen (14) days after the appellant files his notice of appeal. Rule 8009(b)(1) also requires the appellant to order, within fourteen (14) days of filing the notice of appeal, "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." Rule 8003(a)(2) states that a "failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Therefore, "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).

Before a district court may dismiss an appeal pursuant to Rule 8003(a), "it must take at least one of the following steps: 1) make a finding of bad faith or negligence; 2) give the appellant notice and an opportunity to explain the delay; 3) consider whether the delay had any possible

prejudicial effect on the other parties; or 4) indicate that it considered the impact of the sanction and available alternatives." Id.

The Fourth Circuit has observed that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline . . . [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). However, as the Fourth Circuit demonstrated in Serra Builders, an appellant's negligent failure to comply with procedural requirements may lead to dismissal of the entire appeal. See id. (upholding the district court's dismissal of the appeal because appellant negligently filed the designation of record fifteen days late).

In the present case, Appellant filed her Notice of Appeal from the Bankruptcy Court on April 8, 2015. Since then, she has failed to pay the filing fee, failed to file her designation of record, and failed to take any action to move this case forward. The Court ordered her to remedy these deficiencies or show good cause for her failure to do so and warned her that failure to respond would result in her appeal being dismissed. Appellant has not responded to the Court's Order, and the time for doing so has expired.

The Court has given Appellant notice and an opportunity to explain her delay, and Appellant has failed to respond. The Court finds that Appellant has acted negligently by not paying the filing fee and by not filing her designation of record and that this delay has had a prejudicial effect on the other parties. After considering the impact of the sanction and available alternatives, the Court finds that Appellant's appeal must be **dismissed**.

**IT IS, THEREFORE, ORDERED** that Appellant's appeal from Bankruptcy Case

number 16-30008 shall be **DISMISSED**. The Clerk of Court is directed to close this matter and advise the Bankruptcy Court in writing of the dismissal of this appeal.

Signed: May 20, 2016

Robert J. Conrad, Jr.
United States District Judge